## THE HAVRE MARU.

## THE U. S. LIGHTER NO. I.

## THE SUN DIAL.

## THE MORAN NO. 52.

### Nos. 8665, 8740.

District Court, E. D. New York.
Jan. 2, 1929.

Hunt, Hill & Betts, of New York City, for libelant, Osaka Shosen Kabushiki Kaisha.

Macklin, Brown, Lenahan & Speer, of New York City (Richard F. Lenahan, of New York City, of counsel), for the Moran No. 52.

William F. Purdy, of New York City, for U. S. Lighterage Corporation.

Courtland Palmer, of New York City, for the Sun Dial.

MOSCOWITZ, District Judge.

On October 25, 1925, the scow U. S. Lighterage No. 1, owned by the United States Lighterage Corporation, was moored alongside the steamship Orient, which was being unloaded and discharged by Simpson, Spence, and Young at Pier 38, Brooklyn. The Orient was headed southwest.

The United States Lighterage No. 1 was made fast on the starboard side of the Orient toward her stern. Ahead of the U. S. L. No. 1 was the scow Sun Dial, which was owned by the Sunset Lighterage Corporation, and ahead of the Sun Dial was the scow Moran No. 52, which was owned by the Moran Towing & Transportation Company. These scows were partly loaded with lumber, which was being placed on the scows out of the steamship Orient.

At about 3:05 p. m. the Moran No. 52 broke her two bow lines and thereupon swung around and fetched up on her two starboard lines, striking the Sun Dial, pushing her starboard bow into the water, and causing the Sun Dial to break adrift. The Sun Dial collided with the U. S. L. No. 1, striking the bow of the U. S. L. No. 1, breaking all the forward lines, and causing the U. S. L. No. 1 to swing around. The Sun Dial, when she collided with the U. S. L. No. 1, dumped her cargo, struck the U. S. L. No. 1 again, causing the after lines to part, and the two scows drifted alongside of the Orient and under the stern of the William Penn, which was lying immediately astern of the Orient, the vessels being stern to stern.

The wind carried the U. S. L. No. 1 alongside of the William Penn and a line was made fast from the bow of the William Penn to the U. S. L. No. 1. By this time the U. S. L. No. 1 had gone under the stern of the Havre Maru, which was lying a short distance ahead of the William Penn. These various collisions damaged the Havre Maru and the U. S. L. No. 1.

No one was on board the Moran No. 52, which was moored with two lines forward and two lines aft.

The report from the Weather Bureau shows that storm warnings had been posted. It was the duty of the owner and those in charge of the Moran No. 52 to take into account the weather conditions of which public warnings had been given. No heed was given to these warnings.

It is argued by the Moran No. 52 that it did not break loose between 1 and 2 p. m. when the wind had reached a velocity of 83 miles, and the argument is made from that that the lines of the Moran No. 52 must have been in good condition. There is no doubt that a terrific strain was placed upon the lines, and the velocity of the wind and the rubbing of the lines caused them to weaken. Those in charge of the Moran No. 52 are guilty of negligence in failing to take account of the storm warnings and to take proper

precautions, and the damages caused were due solely to the fault of the Moran No. 52.

Decree may be entered in favor of the libelants, with costs and the usual order of reference. Settle decree on notice.